UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUSTIN WILLIAM TOMASZYCKI,

    Plaintiff,

v.

    AVILA ET AL.,

    Defendants.

_____/

Case No. 18-cv-10135

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

# OPINION AND ORDER OF PARTIAL DISMISSAL AND TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

## I. INTRODUCTION

Dustin William Tomaszycki, presently incarcerated at the Saginaw Correctional Facility in Jackson, Michigan, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a); Dkt. No. 4.

Plaintiff names three defendants, a retired state court judge (John L. Conover), former Lapeer County Prosecutor (Timothy M. Turkelson), and a Lakeland Correctional Facility corrections officer (Avila, first name unknown). Dkt. No. 1, pg. 1 (Pg ID 1). When Plaintiff was incarcerated at the Lakeland Correctional Facility, he was facing criminal charges in Lapeer County. *Id.* at pg. 5 (Pg. ID 5).

On the morning of the first day of his jury trial, Defendant Avila would not allow Plaintiff to take his legal papers in the transport van, even after Plaintiff informed Avila he was representing himself at the criminal trial. Dkt. No. 1, pg. 5 (Pg. ID 5). Plaintiff further claims that Defendants Conover and Turkelson should have postponed jury *voir dire* to allow Plaintiff time to obtain his legal materials. *See id.* at pg. 7 (Pg. ID 7). Plaintiff argues that the actions of the three Defendants denied him his right of access to the courts. *Id.* For the reasons that follow, Defendants Turkelson and Conover will be dismissed under 28 U.S.C. § § 1915(e)(2)(B) & 1915A(b), for failure to state a claim upon which relief may be granted. Pursuant to 28 U.S.C. § 1404(a), this Court transfers the remainder of Plaintiff's complaint to the United States District Court for the Western District of Michigan.

## II. STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations,

*Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Dkt. No. 4. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

### III. DISCUSSION

Plaintiff's claims against prosecutor Timothy M. Turkelson and state court judge John L. Conover will be dismissed because both defendants are immune from suit under § 1983.

The common law principle of absolute immunity for prosecutors applies to claims filed under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutors are entitled to absolute prosecutorial immunity for any conduct relating to "initiating a prosecution and . . . presenting the State's case." *Id.* at 431. In contrast, when a prosecutor "functions as an administrator" or an investigator "'rather than as an officer of the court' he is entitled only to qualified immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (citing *Imbler*, 424 U.S. at 431 n.33). Plaintiff's allegations concern conduct related to presenting the State's case. Therefore, Defendant Turkelson is immune from suit under § 1983.

State court judge John L. Conover is also immune from suit under § 1983. Judges are absolutely immune from civil rights suits for money damages when acting in a judicial capacity unless they act in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Whether an action is "judicial" depends on the "'nature of the act itself, *i.e.*, whether it is a function normally performed by a judge,'" and "'the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.'" *Id.* at 12–13 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). A judge's acts do not become non-judicial simply because they are erroneous or "in excess of his authority"; if that were the case, then "any mistake of a judge in excess of his authority would become a 'nonjudicial' act, because an improper or erroneous act cannot be said to be normally performed by a judge." *Id.* Injunctive relief against a judicial officer is also foreclosed under 42 U.S.C. § 1983 "unless a declaratory decree was violated or declaratory relief was unavailable." *Cooper v. Rapp*, 702 F. App'x 328, 334 (6th Cir. 2017).

The conduct challenged by Plaintiff in this case arises from Judge Conover's decision not to postpone jury *voir dire* until Plaintiff obtained his legal materials. The decision was well within the scope of Judge Conover's judicial capacity, was not done in absence of jurisdiction, and Plaintiff does not allege a violation of a declaratory decree. *See* 42 U.S.C. § 1983. Plaintiff is not entitled to declaratory relief

because there is no justiciable controversy between a judge acting as a "disinterested judicial adjudicator" and a party to the lawsuit and declaratory relief is not "unavailable" simple because a party is not entitled to such relief. *Cooper*, 702 F. App'x at 33–34. Accordingly, Judge Conover is immune from suit.

## IV. CONCLUSION

Plaintiff fails to state a claim upon which relief may be granted against Defendants Turkelson and Conover and they are DISMISSED.

Venue is appropriate in the judicial district where either all defendants reside or where the claims arose. 28 U.S.C. § 1391(b); *Al-Muhaymin v. Jones*, 895 F.2d 1147 (6th Cir. 1990). The remaining Defendant in this action, Defendant Avila, is located in the Western District of Michigan, and Defendant Avila's challenged actions occurred in the Western District as well. Consequently, proper venue lies in the Western District of Michigan, and the Court shall transfer this matter there.

SO ORDERED.

Dated: April 30, 2018

                                                    s/Gershwin A. Drain
                                                  HON. GERSHWIN A. DRAIN
                                                  United States District Court Judge